UNITED STATES *v.* BURROUGHS-WELLCOME CO., INC. (No. 4862)[1]

United States Court of Customs and Patent Appeals, June 20, 1956

*Warren E. Burger*, Assistant Attorney General and *Richard E. FitzGibbon*, Chief, Customs Section, for the United States.

*Eugene R. Pickrell* (*Richard F. Weeks* of counsel) for appellee.

[Oral argument April 10, 1956, by Mr. FitzGibbon and Mr. Weeks]

Before JOHNSON, Acting Chief Judge, and WORLEY, COLE, and JACKSON (retired), Associate Judges

COLE, Judge, delivered the opinion of the court:

This case involves the question of whether the dried leaf of the plant *Digitalis Lanata* is "digitalis" within the meaning of the Tariff Act of 1930.

The involved merchandise was entered as "Dried Digitalis Lanata Leaves," and was assessed with duty as "digitalis" under paragraph 36 of the Tariff Act of 1930, which reads as follows:

Par. 36. Coca leaves, 10 cents per pound; digitalis, 20 per centum ad valorem.

Importer protested this classification, claiming that the merchandise was dutiable at 5 per centum under paragraph 34 of the Tariff Act, as modified, as a drug, advanced in value or condition, or, alternatively, that it was free of duty as a crude drug under paragraph 1669. The United States Customs Court, First Division, one judge

[1] C. A. D. 621.

dissenting, sustained the protest holding the merchandise properly classifiable under paragraph 34 (C. D. 1738). The United States appeals from that decision.

Since the importer has not appealed from the denial of its alternative claim under paragraph 1669, the question of the applicability of that paragraph is not before us. The only question before this court is whether or not the involved merchandise is "digitalis" under paragraph 36. If it is not, it seems to be conceded that the decision of the lower court was correct.

The issues in this case can best be understood by briefly commenting upon the meaning of the word "digitalis" as it appears in recognized authorities.[1] Two distinct meanings of the word are recognized: capitalized, "Digitalis" is the name of a genus of plants in botany; not capitalized, "digitalis" is a drug consisting of some form of the dried leaves of the plant *Digitalis purpurea.*

Thus, two main issues are raised. (1) Does the Tariff Act use the word "digitalis" in its botanical or its pharmaceutical meaning, or both? (2) If the pharmaceutical meaning was intended, is that meaning limited to the leaves of the plant *Digitalis purpurea* alone, or is it broad enough to include the leaves of the plant *Digitalis lanata?*

With respect to the first issue, it would seem rather obvious that the word "digitalis" is not used in its botanical meaning in paragraph 36. In the first place, a "genus" is not a tangible thing; a "genus" could not be imported. In the second place, even if the word could be construed broadly enough to include individual plants of the *Digitalis* genus, and parts thereof, the context and legislative history clearly show that the word "digitalis" is not so used in the Tariff Act, but is used in a pharmaceutical sense. *Eo nomine* provision for digitalis was first made in the Tariff Act of 1922. The *Summary of Tariff Information,* 1921 states as follows at pages 99–100:

BELLADONNA, DIGITALIS, HENBANE, AND STRAMONIUM.

*Description and uses.*—The herbs belladonna, digitalis, henbane, and stramonium are natural exotic *drugs* which are gathered because of the valuable medicinal properties due to the alkaloids which they contain. * * * Digitalis, or "foxglove," is used chiefly as a heart tonic. *All of these products are official in the United States Pharmacopoeia.*

\* \* \* \* \* \* \* \*

*Important changes in classification.*—These *drugs* are given specific mention for the first time. Under the act of 1913 (par. 477) they are exempt from duty when not advanced. [Emphasis supplied.]

The foregoing excerpt, particularly in its reference to the United States Pharmacopoeia, clearly shows that the *drug* digitalis was

---

[1] E. g., *Webster's New International Dictionary* (2nd Ed): digitalis * * * 1. [*cap.*] *Bot.* A genus of Eurasian herbs of the figwort family (Scrophulariaceae), having showy bell-shaped flowers. 2. *Pharm.* The dried leaf of the the purple foxglove (D. purpurea), containing the glucosides digitalin, digitalein, digitonin and digitoxin. It is a powerful cardiac stimulant and a diuretic and is used principally in diseases of the heart to correct lost compensation.

intended to be covered by the new provision. See also H. Rep. 248, pt. 1, 67th Cong., 1st Sess., p. 4.

The *Summary of Tariff Information*, 1929 has similar statements:

## DIGITALIS

*Description and uses.*—Digitalis is a leaf drug which is chiefly used in certain diseases of the heart. It is considered an indispensable drug.

Thus we conclude that "digitalis" as used in the tariff acts is not used broadly to cover every plant of the *Digitalis* genus, and every part of such a plant, but that it is used in its pharmaceutical meaning as the name of a specific drug.

We turn now to the second issue, whether the word "digitalis" as the name of a drug includes the leaves of the plant *Digitalis lanata*, or whether it is limited to the leaves of the plant *Digitalis purpurea*.

There is little question but that at the time of the passage of the Tariff Acts of 1922 and 1930 the drug digitalis included only preparations from the species *Digitalis purpurea*. The ninth decennial revision of the United States Pharmacopoeia, which was effective at the time of the reference thereto in the 1921 *Summary*, defines "digitalis" as follows:

The carefully dried leaves of *Digitalis purpurea* Linne' (Fam. *Scrophulariaceae*), without the presence of admixture of more than 2 per cent. of stems, flowers or other foreign matter. * * *

The tenth decennial revision of the Pharmacopoeia, effective at the time of passage of the Tariff Act of 1930, defines "digitalis" as follows:

Digitalis is the dried leaf of *Digitalis purpurea* Linne' (Fam. *Scrophulariaceae*).

Furthermore, the *Summary of Tariff Information*, 1929 clearly states that *Digitalis purpurea* is the source of the drug digitalis.

If the product known as digitalis in 1922 and 1930 were to be the controlling factor, it is clear that only the leaves of the plant *Digitalis purpurea* could be classified as "digitalis." However, appellant states in its brief that "Tariff statutes are made for the future as well as for the present," citing *United States* v. *L. A. Salomon & Bro.*, 22 C. C. P. A. (Customs) 490, T. D. 47483, and argues to the effect that even if "digitalis" at the time of the passage of the tariff act referred only to the leaves of the plant *Digitalis purpurea*, if it later referred as well to products obtained from other plants of the *Digitalis* genus, that they also would be incorporated under the *eo nomine* provision.

We may assume the correctness of the Government's argument. Certainly, if parts of plants other than *Digitalis purpurea* were discovered having the same composition as the "digitalis" from *Digitalis purpurea*, and were recognized as being completely substitutable therefor, and referred to as "digitalis" in the trade, then such new products would be properly classified as "digitalis" for tariff purposes.

Such, however, is not the case which has been proved here. In the first place, the leaves of *Digitalis lanata* are not recognized as "digitalis" in any of the authorities that we have examined. The fourteenth revision of the United States Pharmacopoeia (official from November 1, 1950) defines digitalis thusly:

Digitalis is the dried leaf of *Digitalis purpurea* Linne' (Fam. *Scrophulariaceae*).

The significance of the U. S. P. definition is that the United States Pharmacopoeia is an "official" compendium under section 201 (21 U. S. C. § 321) of the Federal Food, Drug, and Cosmetic Act (52 Stat. 1040). Regulations under that Act provide that "The name by which a drug is designated shall be clearly distinguishing and differentiating from any name recognized in an official compendium, unless such drug complies in identity with the identity prescribed in an official compendium under such recognized name." 21 C. F. R. § 1.100. The imported merchandise clearly does not "comply in identity with" the identity prescribed for digitalis in the United States Pharmacopoeia. Apparently, therefore, merchandise of the type imported could not be legally introduced under the name "digitalis" into commerce covered by labeling regulations. The American Illustrated Medical Dictionary, 22nd Edition (1951) gives the following definitions:

Digitalis * * * A genus of herbs. *D. purpurea* is the foxglove whose leaves furnish digitalis. *D. lanata* is a Balkan species which yields digoxin and lanatoside.

digitalis * * * The dried leaves of the plant, *D. purpurea*, or foxglove, which are cardiant, diuretic, and stimulant. Digitalis acts by producing elevation of blood pressure, increase of systole, lengthening of diastole, and contraction of the arterioles. It is used as a heart tonic for cardiac weakness of any kind; also as a diuretic in dropsy.* * *

Other authoritative definitions are set out in the opinion of the court below, and in a footnote.[2]

---

[2] *A New English Dictionary on Historical Principles* (*Oxford 1897*):

Digitalis * * * 1. *Bot.* A genus of plants of the N. O. *Scrophulariaceae,* including the foxglove (*D. purpurea*).

2. A medicine prepared from the foxglove. * * *

*Funk and Wagnall's New Standard Dictionary* (1942):

digitalis, * * * 1. The dried leaves of foxglove (*Digitalis purpurea*), or a powder, tincture, or the like, prepared from them: used as a remedy in diseases of the heart. 2. [D-] *Bot.* A genus of tall Old World herbs of the figwort family, with alternate leaves and a long terminal raceme of purple or white flowers. *D. purpurea,* the foxglove, is often cultivated. * * *

*Concise Chemical and Technical Dictionary* (1947):

digitalis (foxglove; purple foxglove; fairy gloves). Dried leaves of Digitalis purpurea; used in medicine.

*Hackh's Chemical Dictionary* (3rd Ed, 1950):

digitalis. The leaves of *Digitalis purpurea* (foxglove), a Scrophulariaceae. Used medicinally as a narcotic, cardiac, and stimulant. Many different glucosides and active principles have been isolated from it.

*Summary of Tariff Information, 1948:*

DIGITALIS

(Par. 36)

Comment.

Digitalis, or foxglove, consists of the dried leaves of the herb *Digitalis purpurea.* Only the *purpurea* is official in the United States. Pharmacopoeia, although there are several other species of digitalis,

In the second place, irrespective of the definitions of the authoritative works, it was affirmatively proved at the trial that the leaves of *Digitalis lanata* do not have the same composition as those of *Digitalis purpurea*, are not freely substitutable therewith, and are not described or prescribed as "digitalis."

Briefly, the evidence established that the leaves of the plant *Digitalis purpurea* are directly administered to heart patients in the form "whole leaf," tincture, or powder; that *Digitalis lanata* leaves are not so administered; that the leaves of *Digitalis purpurea* are also used to obtain the glucoside (sometimes called "glycoside") Digitoxin, and the leaves of *Digitalis lanata* to obtain the glucoside Digoxin, both of which are used in the treatment of heart ailments; that *Digitoxin* is not contained in the *Digitalis lanata* leaf, and *Digoxin* is not contained in the *Digitalis purpuera* leaf; that a prescription for "digitalis" would not be filled with a *Digitalis lanata* product; and that a delivery of *Digitalis lanata* would not be a good delivery on an order for "digitalis USP."

We conclude from the evidence and authorities that "digitalis" as used in paragraph 36 refers to a specific drug, which consists of some form of the leaves of the plant *Digitalis purpurea*. The merchandise involved herein is similar to the drug "digitalis" in that it is derived from a plant of the same genus as the drug "digitalis," and it is used in obtaining a glucoside which has properties similar to a glucoside obtained from "digitalis." But the plain fact of the matter is that it is *not* digitalis; it is only similar thereto in some respects. It was conceded by counsel that the involved merchandise could not be used to fill a prescription for "digitalis." It was established by testimony that the composition of the imported merchandise is different from that of the leaves of *Digitalis purpurea*, universally established to be "digitalis." The refined glucoside obtained from the imported merchandise is not the same as the glucoside obtained from the *Digitalis purpurea* leaf.

The error in the position of the Government in this case has been in failing to distinguish between the two meanings of the word "digitalis." The word has a broad meaning in connection with botany, but a very specific meaning with reference to a drug; and the imported merchandise does not fit this latter meaning which, as we have shown, was the one intended.

The Government has cited some authorities in an attempt to show that preparations from plants other than *Digitalis purpurea* have had

---

such as *lanata*, that have similar properties. Digitalis contains glucosides and other active medicinal principles that are indispensable in medicine as heart stimulants and tonics. Since 1936 prepared digitalis medicinals have been dutiable under paragraphs 5 and 23 at 15 percent ad valorem and are not covered by this summary.

*Chemical Synonyms and Trade Names (1930):*

Digitalis. The dried leaves of the flowering plants of *Digitalis purpurea*.

some circulation in trade as "digitalis." We do not find it necessary to decide whether such other drugs would be classified as "digitalis," since *Digitalis lanata* was not one of the species so referred to.

For the foregoing reasons, the judgment of the United States Customs Court is *affirmed*.

JOHNSON, Judge, dissents.

JACKSON, Judge, retired, recalled to participate.

O'CONNELL, Judge, because of illness, did not participate in the hearing or decision of this case.